## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| YALE LAW SCHOOL CENTER FOR GLOBAL LEGAL CHALLENGES, | |
| Plaintiff, | Civil Action No. 3:17-cv-2042 |
| v. | |
| UNITED STATES DEPARTMENT OF STATE | December 7, 2017 |
| Defendant. | |

## COMPLAINT

Plaintiff, the Yale Law School Center for Global Legal Challenges, by its undersigned attorneys, alleges:

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, for declaratory, injunctive, and other appropriate relief brought by the Center for Global Legal Challenges, a non-profit, independent organization within the Yale Law School that provides a forum for academic experts and students to interact with public and private sector actors involved in global legal issues.

2.      By this action, the Center for Global Legal Challenges seeks to compel the Department of State ("State") to release records documenting precise legal citations for unclassified non-Article II treaty international agreements concluded between foreign states and the U.S. Government over the last four presidential administrations.

### BACKGROUND

3.      Each year, the United States enters into hundreds of international agreements. These international agreements regulate numerous subjects of public concern, including trade policy, nuclear energy, criminal-law enforcement, and environmental protection. Given the far-

reaching impact of international agreements on American society, it is critical that the public has a complete understanding of their basis in U.S. law.

4.      Today, the vast majority of binding international agreements entered into by the United States are concluded by the President unilaterally through executive agreements. For example, from 1999 to 2009, State reported an average of two to three hundred executive agreements (including ex-ante congressional-executive agreements) each year. During this same time period, the United States ratified approximately twenty Article II treaties annually. Oona A. Hathaway, *Presidential Power over International Law: Restoring the Balance*, 119 Yale L.J. 140 (2009).

5.      The President may enter into international agreements without congressional approval by relying on one of three sources of legal authority: a preexisting Article II treaty; the President's "inherent" constitutional authority; or a congressional statute delegating to the President authority to enter into certain kinds of international agreements.

6.      While State has made publicly available the texts of unclassified non-Article II treaty international agreements to which the United States is a party, it has not released records specifying which of the three sources of authority—Article II treaty, Executive constitutional authority, or congressional statute (and, if so, which one)—underlie each agreement.

7.      The Center for Global Legal Challenges seeks access to these records to create a database cataloguing the legal authority underpinning the thousands of non-Article II treaty international agreements to which the United States is a party. In addition, the Center intends to incorporate the information in its scholarly work—e.g., law review articles, blog posts, and white papers—concerning subjects related to international law and U.S. foreign policy. The database

and scholarly work will be published on the Center's website, as well as other online fora and print journals which publish its content.

8.      Using these records, the database and related scholarly work are intended to build a comprehensive history of the specific legal authorities that have justified the U.S. Government's full range of international agreements, particularly those entered into by the President without subsequent approval by Congress or the Senate.

9.      By shedding light on the legal authorities underpinning non-Article II international agreements, these records will educate scholars, students, and the public at large about the scope and limits of the Executive's international lawmaking authority.

10.     State has improperly withheld the requested records in violation of FOIA and in opposition to the public's strong interest in understanding the Government's authority and legal basis for forming international agreements with foreign states.

## PARTIES

11.     The Center for Global Legal Challenges is a non-profit, independent organization within the Yale Law School that bridges the divide between legal academy and legal practice on global legal issues. By bringing communities of academic experts and students together, the Center aims to inject new ideas into legal policy debates and instill a new generation of lawyers with a sense of their capacity and responsibility to use international law, foreign affairs law, and national security law to address real challenges facing the nation.

12.     Defendant is a department of the executive branch of the U.S. Government and is an agency within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551.

## JURISDICTION AND VENUE

13.    This Court has subject-matter jurisdiction over this action and personal

jurisdiction over the Defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and § 552(a)(6)(E)(iii). This

Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-06.

14.    Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## FACTS

**Statute and Regulations Mandating Disclosure of International Agreements**

15.    The Case-Zablocki Act of 1979 requires the Secretary of State to "transmit to the

Congress the text of any international agreement . . . other than a treaty, to which the United

States is a party as soon as practicable after such agreement has entered into force . . . but in no

event later than sixty days thereafter." 1 U.S.C. § 112b(a).

16.    It also requires the Secretary to promulgate "rules and regulations" to ensure that

the State Department complies with the Act. *Id*. § 112b(f).

17.    The applicable State Department regulations provide that all unclassified

international agreements, other than treaties, "shall be transmitted by the Assistant Legal Advisor

for Treaty Affairs to the President of the Senate and the Speaker of the House of

Representatives" no later than 60 days after "the entry into force of such agreements." 22 C.F.R.

§ 181.7(a).

18.    For such agreements, the Assistant Legal Advisor for Treaty Affairs "shall also

transmit to the President of the Senate and to the Speaker of the House of Representatives . . .

background information" for "each agreement." *Id*. § 181.7(c).

19.     State Department regulations specify two categories of "background information" that are to be transmitted to Congress: "information explaining the agreement" and "precise citation[s] of legal authority." *Id*.

**Plaintiff's FOIA Request**

20.     By letter dated March 16, 2017, the Center for Global Legal Challenges filed a FOIA Request with State seeking disclosure of all records documenting the "precise citation[s] of legal authority" for <u>unclassified</u> international agreements, other than treaties, submitted to the President of the Senate and Speaker of the House of Representatives pursuant to 1 U.S.C. § 112b(a) and 22 C.F.R. § 181.7(c).

21.     Plaintiff's Request sought this information for unclassified international agreements during the last four presidential administrations, i.e., between the dates of January 20, 1989, and January 20, 2017. A true and correct copy of the Request is annexed hereto as Exhibit A, and incorporated by reference herein.

22.     Plaintiff's Request further explained its scholarly interest in these records, as well as their importance to the Center's mission of educating the legal community and public at large on matters relating to international law.

23.     As stated in the Request, since 2009, the Center for Global Legal Challenges has frequently published papers, reports, and other posts on its website discussing executive authority in the international law context.

24.     Moreover, the individuals who sent the FOIA Request on the Center's behalf have also published scholarship analyzing the President's substantial influence over international law through executive international agreements. *See, e.g.*, Oona A. Hathaway, *Presidential Power over International Law: Restoring the Balance*, 119 Yale L.J. 140 (2009).

25.     By obtaining records that document citations of legal authority for international agreements to which the United States is a party, the Center can accomplish a more thorough and accurate analysis by relying upon facts to document the kinds of legal authority the Government has used to enter into these agreements and, in particular, how often the President has acted unilaterally.

26.     In turn, this factual analysis will promote the American academy and public's understanding of how the Government interprets its authority and, indeed, how it functions.

27.     In its FOIA Request, the Center for Global Legal Challenges also requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and implementing regulation 22 C.F.R. § 171.11(f).

28.     In its Request, the Center for Global Legal Challenges additionally sought a waiver of search, review, and duplication fees because the requested records are not for commercial use and will be disclosed to the public at no cost.

29.     On March 22, 2017, State acknowledged receipt of Plaintiff's Request and denied expedited processing and a waiver or reduction of fees. A true and correct copy of Defendant's response is annexed hereto as Exhibit B.

30.     On June 7, 2017, the Center for Global Legal Challenges filed an administrative appeal of State's denial of Plaintiff's request for a waiver or reduction of fees. A true and correct copy of Plaintiff's administrative appeal is annexed hereto as Exhibit C.

31.     Defendant granted Plaintiff's request for a fee waiver on June 14, 2017. A true and correct copy of Defendant's June 14, 2017 response is annexed hereto as Exhibit D.

32.     As of the filing of this Complaint, the Center for Global Legal Challenges has received no further information or communication from State concerning Plaintiff's FOIA Request.

33.      As of the filing of this Complaint, it has been 266 days since the Center for Global Legal Challenges' Request was submitted.

34.     State has not produced any records responsive to the Center for Global Legal Challenges' Request.

## CAUSES OF ACTION

### COUNT I

### Violation of FOIA for wrongful withholding of agency records

35.     Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

36.     Defendant State is an agency subject to FOIA. 5 U.S.C. § 552(f)(1); 5 U.S.C. § 551(1). The FOIA Request properly seeks records within State's possession, custody, and/or control.

37.     State's failure to make available the records requested by the Center for Global Legal Challenges in a timely manner violates FOIA, 5 U.S.C. § 552(a)(3)(A), (a)(6)(A), and State's regulations promulgated thereunder.

38.     The Center for Global Legal Challenges has or is deemed to have exhausted applicable administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

## COUNT II

**Violation of FOIA for failure to make records available under "Reading Room" provision**

39.     Plaintiff repeats, realleges, and incorporates the allegations in the foregoing paragraphs as though fully set forth herein.

40.     FOIA's "reading room" provision requires Government agencies to make available for public inspection in an electronic format "those statements of policy and interpretations which have been adopted by the agency and are not published in the Federal Register." 5 U.S.C. § 552(a)(2)(B).

41.     Records providing background for and interpreting the U.S. Government's legal authority to enter into international agreements constitute "statements of policy and interpretations which have been adopted by the agency," and thus these documents fall fully within 5 U.S.C. § 552(a)(2)(B)'s definition.

42.     Moreover, under the Case-Zablocki Act of 1979, the Executive already transmits these records to Congress. 1 U.S.C. § 112b(a).

43.     That State already transmits its "precise citation[s] of legal authority" for unclassified non-Article II treaty international agreements demonstrates that these records already exist and thus, that it would not be unduly burdensome for State to make them publicly available.

44.     State has failed to make available for public inspection in an electronic format all records documenting the "precise citation[s] of legal authority" for unclassified non-Article II treaty international agreements submitted to the President of the Senate and Speaker of the House of Representatives during the last four presidential administrations.

45.     State's failure to make available for public inspection in an electronic format all records documenting the "precise citation[s] of legal authority" for unclassified non-Article II treaty international agreements thus violates FOIA. 5 U.S.C. § 552(a)(2)(B).

46.     This failure deprives the public of information essential to understand the legal underpinnings of thousands of international agreements imbued with the force of law.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests this Court to:

a.      Declare that Defendant has failed to comply with the disclosure obligations of 5 U.S.C. § 552(a)(3);

b.      Order Defendant to conduct a thorough search for all records responsive to Plaintiff's Request and to immediate disclose, in their entirety, all responsive records that are not specifically exempt from disclosure under FOIA;

c.      Declare that Defendant has failed to comply with the disclosure obligations of 5 U.S.C. § 552(a)(2);

d.      Order Defendant to make available for public inspection in an electronic format those responsive records documenting the "precise citation[s] of legal authority" for unclassified international agreements, other than treaties, submitted to the President of the Senate and Speaker of the House of Representatives during the last four presidential administrations;

e.      Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and costs; and

f.      Grant such other and further relief as the Court deems just and proper.

Dated: December 7, 2017                Respectfully submitted,

MEDIA FREEDOM AND INFORMATION
ACCESS CLINIC

By: /s/ David A. Schulz
      David A. Schulz (ct30427)
      919 Third Avenue, 37th Floor
      New York, NY 10022
      Tel: (212) 850-6103
      David.Schulz@yale.edu

      Hannah Bloch-Wehba
      Diana Lee, Law Student Intern
      Paulina Perlin, Law Student Intern
      Media Freedom and Information Access Clinic
      Yale Law School
      P.O. Box 208215
      New Haven, CT 06520-8215
      Tel: (203) 436-5824
      hannah.bloch-wehba@yale.edu

      *Counsel for Plaintiff*