# EXHIBIT C



Center for
Global Legal Challenges

YALE LAW SCHOOL

June 7, 2017

Requester Liaison Division
Office of Information Programs and Services
U.S. Department of State, SA-2
Washington, DC 20522-8100

Re: Appeal of Fee Waiver Denial for Case Control Number F-2017-06190

Dear Sir or Madam:

On March 16, 2017, we, the undersigned law professors, submitted a FOIA request to the State Department on behalf of the Yale Law School Center for Global Legal Challenges. We received a response from the Department on April 15, 2017, which assigned our FOIA request Case Control Number F-2017-06190. Our request and the Department's response are enclosed as attachments to this appeal letter.

In its response, the Department informed us that it had denied our requests for expedited processing and for a waiver or reduction of fees. We now wish to appeal the denial of our request for a fee waiver/reduction (but not the request for expedited processing) on the ground that our FOIA request is subject to the Department's "Educational Institution" FOIA regulations, under which we are only obligated to pay for the duplication of the requested records after the first 100 pages of duplication. See 22 C.F.R. §§ 171.11(m), 171.15(b). Relatedly, we believe that our request is subject to the following guidance from 22 C.F.R. § 171.14(b)(5)(ii)(A):

> An educational institution requester is a person or entity who submits a request under the authority of a school that operates a program of scholarly research. A requester in this category must show that the records are not sought for a commercial use and are not intended to promote any particular product or industry, but rather are sought to further scholarly research of the institution. A signed letter from the chairperson on an institution's letterhead is presumed to be from an educational institution.

In light of this guidance, we submitted our FOIA request on the letterhead of the Yale Law School Center for Global Legal Challenges, with the signature of Professor Oona Hathaway, the Center's Director. In addition, our letter stated that the request was made for the purposes of scholarly research and that the records were not sought for any of the requesters' commercial use.

Separately, we are providing the following information in support of our appeal of the fee waiver denial, as requested by the Department's response letter:

1. State why you believe the subject matter of your request concerns the operations or activities of the federal government.

The State Department is obligated to transmit to Congress "a precise citation of legal authority" for each international agreement other than a treaty to which the United States is a party. See 22 C.F.R. § 181.7(c). Our request seeks these "precise citation[s] of legal authority" for the thousands of unclassified non-treaty international agreements concluded between foreign states and the U.S. government over the last four presidential administrations. As our request explains, these international agreements regulate various operations and activities of the federal government, including nuclear energy regulation, trade policy, criminal law enforcement, and environmental protection. In addition, the transmission to Congress of the precise citations of legal authority for each non-treaty international agreement by the State Department, as required by the Case-Zablocki Act of 1972, is itself an activity of the federal government. See 1 U.S.C. § 112b.

2. Expand on your ability and intent to disseminate the information requested. E.g., have you published or disseminated information in this or related fields in the past? Is the information requested to be used in a specific article or paper currently being prepared? Are the documents going to be posted on a website? If so, please explain.

We are requesting this information on behalf of the Yale Law School Center for Global Legal Challenges. The Center's purpose is to bridge the divide between the legal academy and legal practice on global legal issues. To that end, the Center provides a forum for academic experts and students to interact with public and private sector actors involved in global legal issues. By bringing these communities together, the Center aims to inject new ideas into legal policy debates and instill a new generation of lawyers with a sense of their capacity and responsibility to use international law, foreign affairs law, and national security law to address real challenges facing the nation.

A central aspect of the Center's mission is to promote and disseminate scholarship on international law, foreign affairs law, and national security law. In furtherance of that mission, the Center maintains a public website on which it publishes online content related to developments in international law, foreign affairs, and national security. By way of example, the Center's "Projects and Publications" webpage[1] hosts dozens of scholarly articles, white papers, and legal briefs dating from as early as 2009. The individual scholars supporting this appeal have also individually each written on topics relating to the FOIA request.

At present, we are seeking the information described in our FOIA request for two purposes. First, we wish to use the information to create a database cataloguing the thousands of non-treaty international agreements to which the United States is a party. In addition, we intend to incorporate the information in our scholarly work – e.g., law review articles, blog posts, and white papers – concerning subjects related to international law and U.S. foreign policy. The database

---

[1] Accessible at https://law.yale.edu/center-global-legal-challenges/projects-publications.

and scholarly work will be published on the Center's website, as well as other online fora and print journals which publish our content.

3. Describe any commercial interest which would be furthered by the disclosure of the requested information, *e.g.*, will you be paid for the publication or dissemination of the requested information? If so, how much will you be paid and in what manner will you receive payment? Will you receive any other type of commercial benefit due to your dissemination of the requested information? A "commercial interest" is one that furthers a commercial, trade, or profit interest as those terms are commonly understood.

None of the requesters will be paid for the publication or dissemination of the requested information, or receive any other type of commercial benefit in connection with the request.

4. If your request for a fee waiver is not granted, we need your written assurance that you are willing to pay the fees associated with the processing of your request. You may set a limit on the amount you are willing to pay.

As we stated in our original request, should our fee waiver be denied, we are willing to preauthorize the expenditure of up to $100.00 for the processing of our FOIA request. Please contact us via the email addresses listed below to obtain our authorization prior to charging any fees above that amount.

Sincerely,

Oona A. Hathaway
Director, Center for Global Legal Challenges, Yale Law School
oona.hathaway@yale.edu


Curtis A. Bradley
William Van Alstyne Professor of Law
Duke University School of Law
cbradley@law.duke.edu


Jack L. Goldsmith
Henry L. Shattuck Professor of Law
Harvard Law School
jgoldsmith@law.harvard.edu

Enclosures