IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| YALE LAW SCHOOL CENTER FOR GLOBAL LEGAL CHALLENGES,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF STATE<br><br>   Defendants. | Civil Action No. 3:17-cv-02042 (VLB)<br><br><br><br><br><br><br><br>February 23, 2018 |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant United States Department of State ("State" or "Defendant"), through its undersigned attorneys, hereby responds to the Complaint ("Complaint") filed by Plaintiff Yale Law School Center for Global Legal Challenges ("Plaintiff") as follows:

1. Admitted.

2. Admitted.

## Background

3. Defendant admits the allegations in the first two sentences of paragraph 3. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in the last sentence of paragraph 3.

4. Defendant admits the allegations in paragraph 4 except with respect to the last citation sentence citing the Yale Law Journal. Defendant lacks knowledge or information sufficient to form a belief as to what that citation is meant to represent and so denies the last sentence of paragraph 4.

1

5. Admitted, except to deny that the President must rely on only one of the cited sources of authority when entering into international agreements without congressional approval.

6. Defendant admits that it has made publicly available the texts of unclassified non-Article II treaty international agreements to which the United States is a party, and that it has not publicly released records specifying the source or sources of authority that underlie each agreement. Defendant denies the remaining allegations in paragraph 6.

7. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 7.

8. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 8.

9. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 9.

10. Defendant denies that improperly withheld the requested records but admits that it did not produce the requested records in the time period contemplated by the FOIA statute.

## Parties

11. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 11.

12. Admitted.

## Jurisdiction and Venue

13. Defendant admits that the court has subject matter jurisdiction over the case pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Defendant denies the remaining allegations in paragraph 13.

14. Admitted.

## Facts

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Defendant admits that Plaintiff's request made such statements but lacks knowledge or information sufficient to form a belief as to the alleged importance of the records to Plaintiff's mission.

23. Defendant admits that the request so states but lacks knowledge or information sufficient to form a belief as to the truth of that information.

24. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 24.

25. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 25.

26. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 26.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted.

34. Admitted.

## Causes of Action

### Count I

35. Defendant's responses to paragraphs 1-34 are hereby incorporated by reference as if set forth fully herein.

36. Admitted.

37. Defendant admits that it has not produced the requested documents to Plaintiffs in the required time but denies any other allegedly improper failure to make the requested documents available.

38. Defendant admits that Plaintiff has constructively exhausted its administrative remedies.

### Count II

39. Defendant's responses to paragraphs 1-38 are hereby incorporated by reference as if set forth fully herein.

40. Admitted.

41. Denied.

42. Admitted, except to note that the Act was enacted in 1972.

43. Defendant admits that the documents already exist and denies the remaining allegations of paragraph 43.

44. Defendant admits that it has not made available for public inspection in an electronic format all records documenting the "precise citation[s] of legal authority" for unclassified non-Article II treaty international agreements submitted to the President of the Senate and Speaker of the House of Representatives during the last four presidential administrations, but Defendant denies that it is under a legal obligation to so. Defendant further denies that Plaintiff may compel it to publicly disclose such records in connection with this proceeding.

45. Denied.

46. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 46.

## Relief Requested

Defendant denies that Plaintiff is entitled to the relief requested, or to any relief at all.

## AFFIRMATIVE DEFENSES

Defendant alleges the following additional defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff.

1. The Court lacks subject matter jurisdiction over plaintiff's request to the extent that the request exceeds relief authorized by the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552(4)(B).

2. The Complaint fails to state a claim upon which relief may be granted.

3. Defendant's actions did not violate the FOIA or any other statutory or regulatory provision.

4. Plaintiff is not entitled to compel the production of records exempt from disclosure by one or more exemptions of the FOIA, 5 U.S.C. § 552.

5. Plaintiff is not entitled to compel the production of records when searching for and processing those records would impose an unreasonable burden.

6. Plaintiff is not entitled to obtain the relief requested in Count II under the FOIA.

Respectfully submitted,

John H. Durham
United States Attorney

   /s/
John W. Larson (ct28797)
Assistant United States Attorney
United States Attorney's Office
District of Connecticut
450 Main Street, Room 328
Hartford, CT 06103
T:  (860) 947-1101
F:  (860) 760-7979
john.larson@usdoj.gov